**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DAMON HUDSON,

        Petitioner,        Case Number: 2:07-CV-11925

v.        HON. STEPHEN J. MURPHY, III

DOUG VASBINDER,

        Respondent.
                              /

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS AND (2) DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

The petitioner, Damon Hudson, is currently incarcerated at the Cotton Correctional Facility in Jackson, Michigan. He has filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his convictions for two counts of armed robbery, two counts of felony firearm, and one count of carjacking. For the reasons set forth below, the Court denies the petition.

BACKGROUND

The petitioner pleaded guilty in Wayne County Circuit Court to the above-listed offenses. On November 21, 2001, he was sentenced to 15 to 25 years' imprisonment for each of the armed robbery convictions and for the carjacking conviction, to be served concurrently to two years' imprisonment for each of the felony-firearm convictions.

On October 4, 2002, the petitioner's court-appointed appellate attorney filed a motion to correct judgment and sentence on the ground that it was unclear from the judgment whether the sentences were intended to run concurrently or consecutively. On November 21, 2002, the trial court granted the motion and clarified that the sentences for

the armed robbery and carjacking convictions were to run concurrently. The petitioner did not file an application for leave to appeal with the Michigan Court of Appeals.

On March 30, 2004, the petitioner filed a motion for relief from judgment in the trial court, raising the following claims:

I. Defendant's plea was involuntarily entered when it was based upon an "illusionary" plea bargain which was conveyed by defense counsel.

II. Defendant was denied his Sixth Amendment right to effective assistance of counsel when defense counsel's performance fell below an objective standard of reasonableness.

III. Defendant was denied due process of law when he was deliberately "overcharged" in order to force him to plead guilty to a lesser offense.

IV. Defendant is entitled to specific performance of the plea agreement he entered into or must be allowed to withdraw his plea.

V. Defendant is entitled to resentencing where he was sentenced on the basis of inaccurate information.

The trial court denied the motion. *People v. Hudson*, 01-5307 & 01-5578 (Wayne County Circuit Court Oct. 21, 2005).

The petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising the same claims raised in his motion for relief from judgment. The court of appeals denied leave to appeal. *People v. Hudson*, No. 266745 (Mich. Ct. App. June 9, 2006). The petitioner then filed an application for leave to appeal in the Michigan Supreme Court, again presenting the same claims raised in his motion for relief from judgment. The Michigan Supreme Court denied leave to appeal. *People v. Hudson*, No. 131473 (Mich. March 26, 2007).

Thereafter, the petitioner filed the pending petition for a writ of habeas corpus,

raising the following claims:

I. Petitioner was denied his Sixth and Fourteenth Amendment rights to the effective assistance of appellate counsel when counsel failed to perfect and file a direct appeal on Petitioner's behalf.

II. Petitioner's Fifth Amendment right to protection against double jeopardy was violated, as well as his Fourteenth Amendment right to due process and equal protection of the law, when Petitioner's plea was involuntarily entered when it was based upon an illusionary plea conveyed by trial counsel.

III. Petitioner was denied his Sixth and Fourteenth Amendment rights to the effective assistance of trial counsel when counsel's performance fell below an objective standard of reasonableness.

IV. Petitioner was denied his Fourteenth Amendment right to due process and equal protection of the law when the specific performance of his plea agreement was not met and he must be allowed to withdraw his plea.

LEGAL STANDARD

The petitioner's claims are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). This Act "circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising the question of effective assistance of counsel, as well as other constitutional claims. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003).

As amended, 28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

3

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir.1998). Mere error by the state court will not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins v. Smith*, 539 U.S. at 521 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000)) (internal quotes omitted). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000) ("All factual findings by the state court are accepted by this Court unless they are clearly erroneous.").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams*, 529 U.S. at 405-06.

The Supreme Court held that a federal court should analyze a claim for habeas

4

corpus relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 409, 410-11. *See also Dorchy v. Jones*, 398 F.3d 783, 787-88 (6th Cir. 2005); *McAdoo v. Elo*, 365 F.3d 487, 493 (6th Cir. 2004); *Rockwell v. Yukins*, 341 F.3d 507, 512 (6th Cir. 2003) (en banc).

## ANALYSIS

### A. Ineffective Assistance of Appellate Counsel

In his first claim for habeas corpus relief, the petitioner argues that his appellate attorney was ineffective in failing to file an application for leave to appeal in the Michigan Court of Appeals on direct review. Correspondence submitted by the petitioner with his habeas petition indicates that appointed appellate counsel determined the existence of only one potentially meritorious claim, that is, that the trial court had incorrectly sentenced the petitioner to consecutive rather than concurrent sentences. Counsel filed a successful motion in the trial court regarding this issue. The correspondence attached by the petitioner indicates that he and counsel discussed the lack of any additional claims which should be raised in a direct appeal.

5

To establish that he received ineffective assistance of counsel, a petitioner must show, first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner may show that counsel's performance was deficient by establishing that counsel's performance was "outside the wide range of professionally competent assistance." *Id.* at 689. This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687. To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. "[T]he focus should be on whether the result of the trial was 'fundamentally unfair or unreliable.'" *Tinsley v. Million*, 399 F.3d 796, 802 (6th Cir. 2005), *quoting Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993). In the context of an ineffective assistance of appellate counsel claim, the defendant must show that appellate counsel's errors were so serious that they deprived the petitioner of a fair appeal. *Walker v. McKee*, 366 F. Supp.2d 544, 548-49 (E.D. Mich. 2005) (Gadola, J.).

In the present case, the petitioner filed a motion for relief from judgment pursuant to M.C.R. 6.500 in the trial court. In this motion, the petitioner claimed that appellate counsel had been ineffective for failing to file a timely application for leave to appeal to the Michigan Court of Appeals. The trial court denied the motion. *See People v. Hudson*, No. 01-5307 & 01-5578 (Wayne County Cir. Ct. Oct. 21, 2005). The petitioner then filed an application for leave to appeal the denial of his post-conviction motion to the Michigan Court of Appeals. The Michigan Court of Appeals denied the application for leave to appeal.

*See People v. Hudson,* No. 266745 (Mich. Ct. App. June 9, 2006). The petitioner then filed an application for leave to appeal to the Michigan Supreme Court, which was denied pursuant to M.C.R. 6.508(D). *People v. Hudson*, No. 131473 (Mich. March 26, 2007).

For the purpose of this analysis, the Court assumes that appellate counsel's conduct constituted deficient performance for the purposes of *Strickland*. *Walker*, 366 F. Supp. 2d at 548. The next question for this Court is whether the petitioner was prejudiced by appellate counsel's failure to do so.

Appellate counsel's failure to file an appeal did not prevent the petitioner from challenging his conviction in the Michigan courts because he was able to present his claims in his motion for post-conviction relief. *See Hollin v. Sowders*, 710 F.2d 264, 265- 67 (6th Cir.1983) (holding that appellate counsel's failure to perfect a direct appeal did not prejudice habeas petitioner where he was able to raise claims in post-conviction proceeding); *Bair v. Phillips*, 106 F. Supp. 2d 934, 938, 943 (E.D. Mich.2000) (Duggan, J.); *see also Johnson v. Warren*, 344 F. Supp. 2d 1081, 1096 (E.D. Mich.2004) (counsel's failure to raise certain claims on appeal did not cause petitioner any demonstrable harm because his claims were eventually considered and rejected on valid state grounds on post-conviction review by the same courts that would have heard his direct appeal).

The petitioner was provided an adequate substitute for direct appellate review when he presented his motion for post-conviction relief to the same courts that would have heard his direct appeal. Therefore, his attorney's failure to file an application for leave to appeal did not prejudice the petitoiner. *Bair*, 106 F. Supp.2d at 943 (citing *Gardner v. Ponte*, 817 F.2d 183, 189 (1st Cir.1987)).

    B.    Nature of the Guilty Plea

7

The petitioner claims that his plea was involuntary because defense counsel incorrectly informed him regarding the length of time he would serve and did not inform him that his convictions for robbery and carjacking violated the Double Jeopardy Clause.

To be valid, a guilty plea must be voluntarily and intelligently made. *Brady v. U.S.*, 397 U.S. 742, 748-49 (1970). The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748. The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. A "plea of guilty entered by one fully aware of the direct consequences" of the plea is voluntary in a constitutional sense, and the mere fact that the defendant "did not correctly assess every relevant factor entering into his decision" does not mean that the decision was not intelligent. *Id.* at 755, 757. "[T]he decision whether or not to plead guilty ultimately rests with the client." *Lyons v. Jackson*, 299 F.3d 588, 598 (6th Cir. 2002).

The Sixth Circuit has stated that in cases challenging the voluntariness of a plea agreement a petitioner is bound by his in-court statements regarding his understanding of the plea:

> If we were to rely on [petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy (which he now argues were untruthful) indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioners . . . from making the precise claim that is today before us. "[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry."

*Ramos v. Rogers*, 170 F.3d 560, 564 (6th Cir. 1999) (*quoting Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)).

8

During the plea colloquy in the present case, the petitioner was advised that armed robbery and carjacking each carried potential life sentences, and that felony firearm carried a mandatory two-year sentence. In addition, the trial court judge explained to the petitioner all of the rights he would be giving up if he entered a guilty plea. The petitioner indicated that he understood the potential sentences he faced. Therefore, because the petitioner is "bound by his statements" during the plea colloquy, *Ramos*, 170 F.3d at 564 (internal quotation omitted), and because his acknowledgment of the possible effects of a guilty plea was unambiguously pellucid, the Court finds that the petitioner's claim that his plea was not knowingly made because he did not understand the potential sentences is meritless.

The petitioner also claims that his plea bargain was illusory because his attorney failed to inform him that he could not be convicted of armed robbery and carjacking where such convictions would violate the Double Jeopardy Clause. The Double Jeopardy Clause of the Fifth Amendment provides, "No person . . . shall . . . be subject for the same offense to be twice put in jeopardy of life or limb." This clause affords defendants protection against three basic harms: second prosecution for the same offense after acquittal, second prosecution for the same offense after conviction, and multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165 (1977). The Supreme Court holds "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Under the *Blockburger* test, if each offense contains a different element, no double jeopardy violation arises. *Brown v. Ohio*, 432 U.S.

161, 166 (1977).

The last state court to issue a reasoned opinion regarding this claim, the Wayne County Circuit Court, held that, under Michigan law and the test announced in *Blockburger*, convictions for armed robbery and carjacking do not violate double jeopardy. *See People v. Hudson*, Nos. 01-5307 & 01-5578 at 3-4. The Sixth Circuit Court of Appeals also has held that convictions for these two offenses do not violate the Double Jeopardy Clause:

> Evaluating carjacking under Mich. Comp. Laws § 750.529a and armed robbery under § 750.529, [the petitioner's] conviction of both offenses does not result in double jeopardy because carjacking requires a motor vehicle as the object, while armed robbery does not, and armed robbery requires use of a dangerous weapon, while carjacking does not.

*Grayer v. McKee*, 149 Fed. App'x 435, 442 (6th Cir. 2005).

Therefore, because the petitioner's convictions for carjacking and armed robbery do not violate the Double Jeopardy Clause, his plea was not rendered involuntary where his attorney correctly informed him that he could be lawfully convicted of both offenses.

C.   Ineffective Assistance of Trial Counsel

In his third claim for habeas corpus relief, the petitioner argues that he was denied his right to the effective assistance of trial counsel. Specifically, the petitioner argues that his trial attorney was ineffective in: (i) failing to advise him that convictions for carjacking and armed robbery would violate the Double Jeopardy Clause; and (ii) incorrectly advising him that he would receive a minimum sentence between 81 and 135 months.

As discussed above, to prevail on an ineffective assistance of counsel claim on habeas review, a petitioner must demonstrate (1) that "counsel's representation fell below an objective standard of reasonableness," and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different." *Strickland*, 466 U.S. at 687-88. The two-part *Strickland* test applies to claims of ineffective assistance of counsel based upon counsel's conduct prior to the entry of a plea. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). In the context of guilty pleas, the first half of the *Strickland* test is the same standard set forth above. *Id.* The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id.*

The trial court, in denying the petitioner's motion for relief from judgment, held that counsel was not ineffective in failing to advise the petitioner that convictions for carjacking and armed robbery would violate the Double Jeopardy Clause because, in fact, this was not true. *See People v. Hudson*, No. 01-5307 & 01-5578, slip op. at 3-4. As discussed above, the trial court's decision in this regard is consistent with Sixth Circuit precedent. Therefore, the petitioner has failed to show that his attorney was ineffective in failing to advise him regarding the charges of armed robbery and carjacking.

With regard to the petitioner's claim that his attorney incorrectly advised him regarding his expected minimum sentence, the last state court to issue a reasoned opinion regarding this claim, the trial court, held, in pertinent part:

> Defendant also contends that he was denied effective assistance of counsel because he was falsely led into believing that the prosecutor would recommend a minimum sentence of 10-1/2 years. However, the record indicates that during the *Cobbs* evaluation, the court told the Defendant that she did not believe the Defendant would ever see a 10-year minimum. Defendant cannot claim now that he was led into believing that the prosecutor would recommend a minimum sentence of 10-1/2 years, when the

11

court explained to him before he pled guilty that it was unlikely.

*Hudson*, slip op. at 4.

The trial court transcript supports the trial court's conclusion that the petitioner was informed of the sentence he faced. He was told during the plea colloquy that the sentencing guidelines for his minimum sentence were 10-1/2 to 17-1/2 years. He was sentenced to a 15 year minimum sentence. At sentencing, the petitioner indicated that he understood the sentencing guidelines and did not express any concern or surprise when informed of the guidelines. Therefore, to the extent that his attorney incorrectly informed him or he misunderstood his attorney regarding the sentencing guidelines, any error was cured during the plea colloquy. As a result, the Court finds that the trial court's conclusion that counsel was not ineffective was not contrary to or an unreasonable application of *Strickland* or *Hill*.

      D.      Satisfaction of the Terms of the Plea Agreement

Finally, the petitioner argues that the terms of the plea agreement were not satisfied. This claim is based upon the petitioner's argument that he was incorrectly informed of the sentencing guidelines.

The terms of the plea agreement were clearly set forth during the plea colloquy. The petitioner was originally charged in five separate cases with five counts of armed robbery, five counts of felony firearm, one count of carjacking and one count of carrying a concealed weapon. Pursuant to a plea agreement, the petitioner pleaded guilty to two counts of armed robbery, carjacking, and two counts of felony firearm in exchange for the dismissal of the remaining charges. The petitioner was plainly advised that the minimum sentencing guidelines in his situation were 10-1/2 to 17-1/2 years. As noted by the trial court in its

denial of the petitioner's motion for relief from judgment, the charges outside the plea agreement were dismissed and the petitioner was sentenced in accordance with the minimum sentencing guidelines. Therefore, the petitioner's argument that the terms of the plea agreement were not satisfied is not supported by the record.

As a result of the foregoing analysis, the Court concludes that the petitioner has failed to demonstrate that any state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). Accordingly, under the governing framework established by AEDPA, the Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 must fail. The petitioner is not entitled to relief and his petition will be denied.

## CERTIFICATE OF APPEALABILITY

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or it may wait until a notice of appeal is filed to make such a determination. *Castro v. United States,* 310 F.3d 900, 903 (6th Cir. 2002). In deciding to deny the habeas petition, the Court has carefully reviewed the case record and the relevant law, and concludes that it is presently best able to decide whether to issue a COA. *See id.* at 901-02 ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.) (*quoting, Lyons v. Ohio Adult Parole Auth.,* 105 F.3d 1063, 1072 (6th Cir. 1997), *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997)).

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (internal quotation omitted). In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition does not present any claims upon which habeas relief may be granted. Therefore, the Court will deny a certificate of appealability.

CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus [docket entry #1] is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: December 22, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 22, 2008, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager